UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL C. DONOVAN,

    Plaintiff,

v.                                                  Case No. 6:10-cv-855-Orl-31DAB

SHERIFF J.R. (JACK) PARKER, et al.,

    Defendants.
_____/

## ORDER

This case is before the Court on the Motion to Dismiss Amended Complaint filed by Defendants J.R. (Jack) Parker, Sheriff of Brevard County ("Sheriff Parker"); the Brevard County Sheriff's Office ("Sheriff's Office"); and the Brevard County Detention Center ("Detention Center") (Doc. No. 16).

I.    *Factual Background*[1]

Plaintiff, a prisoner of the State of Florida proceeding *pro se*, filed an amended complaint (Doc. No. 3) pursuant to 42 U.S.C. § 1983 alleging that, on December 9, 2007, he was "assaulted, battered, and cut by criminal defendant, Ricardo Dante Evans, with a

---

[1] The following statement of the facts is derived from Plaintiff's Amended Complaint (Doc. No. 3), the allegations of which this Court must take as true in ruling on a motion to dismiss. *See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Development Corporation S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983).

razor-blade inside of plaintiff's cell (which he shared with Evans and another criminal defendant, 3 men in a 2-man cell)." (Plaintiff's Amended Complaint at 2.) At the time, Plaintiff was incarcerated at the Detention Center while he awaited a violation of probation hearing. According to Plaintiff, certain, unidentified staff members at the Detention Center provided Mr. Evans with the razor blade in an attempt to "set up" Plaintiff because of Plaintiff's status as a sexually violent predator. *Id*. at 1-2. Plaintiff was taken to the Cape Canaveral Hospital emergency room where he received stitches to close the wound to his head; upon discharge from the hospital, he was placed in protective custody at the jail. *Id*. at 2.

Plaintiff contends that the staff at the Detention Centoker is "guilty of conspiracy to commit murder, conspiracy to injure a sexually violent predator, aggravated battery on a sexually violent predator, failure to pay ER bills caused by the aggravated assault and battery committed by . . . Evans . . ., failure to provide due care and an intentional tort for conspiracy to commit an aggravated assault and battery against a sexually violent predator . . . ." *Id*. at 3. He further alleges that he needs plastic surgery to repair the scar on his forehead; that he had been handcuffed during prisoner transport; that he had been housed in the general population at county jails in violation of his Double Jeopardy rights; that he has been denied medical evaluation; and that an unidentified staff person at the Detention Center slammed a cell door on his left hand.

II.   *Standard for Motion to Dismiss*

When considering a motion to dismiss pursuant to Rule 12(b)(6), courts must accept

all factual allegations in the complaint as true and read them in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007); *see also Christopher v. Harbury*, 536 U.S. 403, 406 (2002). A complaint must contain a short and plain statement demonstrating an entitlement to relief, and the statement must "give the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, 2507 (2007) (quoting *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 346 (2005)); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007) (citations omitted). Previously, the standard provided that a complaint should not be dismissed for failure to state a claim unless it appeared beyond doubt that plaintiff could prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

However, this standard has been "retired" in favor of a heightened requirement that the plaintiff supply "'enough facts to state a claim to relief that is plausible on its face,' rather than merely 'conceivable.'" *Huggins v. Marriott Ownership Resorts, Inc.*, 2008 WL 552590, Case No. 6:07-cv-1514-Orl-22KRS (M.D. Fla. February. 27, 2008) (discussing *Twombly* in dismissing claims for breach of implied duty of good faith and fair dealing) (quoting *Twombly*, 127 S. Ct. at 1969, 1974). Thus, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1964-65 (citations omitted). "Factual allegations must be enough to

raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* at 1965. In the case of a *pro se* action, however, the Court should construe the complaint more liberally than it would pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

### III. Analysis

#### A. 42 U.S.C. § 1983

Section 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "In any action under section 1983, the plaintiff must prove that (1) he or she has been deprived of a right secured by the United States constitution or laws, and (2) the defendant who allegedly caused that deprivation acted under color of state law." *Ross v. Duggan*, 402 F.3d 575, 581 (6th Cir. 2004) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)).

#### B. Defendants Sheriff's Office and Detention Center

In order to state a viable section 1983 claim, the defendant being sued must be an entity that is subject to being sued. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir.1992). The capacity of a party to be sued is "determined by the law of the state in which the district court is held" *Id.* at 1214 (citation omitted) (quotation omitted). "Sheriff's departments and police departments are not usually considered legal entities subject to suit." *Id.*

(concluding that the district court correctly dismissed the plaintiff's claim against the Jefferson County Sheriff's Department). In Florida, in these circumstances, the city or municipal corporation is the proper party. *See Mann v. Hillsborough County Sheriffs Office*, 946 F. Supp. 962, 970-71 (M.D. Fla. 1996). Inasmuch as the Sheriff's Office is not a suable entity under Florida law, its motion to dismiss is granted, and the claims against it are dismissed.

Likewise, the Detention Center has no capacity to be sued. *See Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) ( holding that "county jails are not legal entities amenable to suit."); *Russell v. Mobile County Sheriff*, No. Civ.A. 00-0410CBC, 2000 WL 1848470, at * 2 (S.D. Ala. November 20, 2000) (finding that the Mobile County Jail was not a suable entity). Florida law does not recognize a jail facility as a legal entity separate and apart from the county or sheriff. *Heckman v. Hall*, No. 3:07cv2678/MCR/MD, 2007 WL 2175919, at *3 (N.D. Fla. July 25, 2007). Accordingly, the Detention Center's motion to dismiss is granted, and the claims against it are dismissed.

C.      *Defendant Sheriff Parker*

For claims against a sheriff's office or a county jail, the appropriate defendant is the Sheriff in his official capacity. *Id*. A suit against a party in his or her official capacity is the same as a suit against the governmental entity that the individual employee represents.

There is no vicarious liability under section 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ( the doctrine of *respondeat superior* has clearly been rejected as a theory of recovery under section 1983). Since the alleged conduct did not involve Sheriff Parker

himself, section 1983 liability against the governmental entity can be imposed only when the alleged constitutional violations resulted from the execution of the policy or custom of the governmental entity. *See Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978); *Aspinwall v. Herrin*, 879 F. Supp. 1227 (S.D. Ga. 1994).

Plaintiff has not come forward with any allegations that the governmental entity that Sheriff Parker represented had a custom or policy which resulted in the wrongs asserted in the amended complaint. In other words, the amended complaint is devoid of any allegation that the actions taken against Plaintiff in contravention of his constitutional rights were undertaken pursuant to any custom, policy, or practice of Sheriff Parker. Thus, Sheriff Parker is entitled to dismissal on the official capacity claims.[2]

Since judgment is being entered on only the federal claims, the Court must decide whether to retain jurisdiction over the state law claims alleged in amended complaint. Exercising its discretion under 28 U.S.C. § 1367(c), the Court declines to retain jurisdiction over these state claims. *See Domotor v. Wennet*, 630 F.Supp.2d 1368, 1381 (S.D. Fla. 2009) ("In general, if all federal claims are eliminated before trial, the pendent state claims should be dismissed."). These are uniquely state law issues which relate to these state law claims,

---

[2] It does not appear that Plaintiff alleged any claim against Sheriff Parker in his individual capacity. However, in the event that it could be construed that he did so, the amended complaint is also dismissed against Sheriff Parker in his individual capacity. Plaintiff does not allege facts that Sheriff Parker personally participated in the alleged constitutional violations, that the violations occurred as a result of a jail policy, or that there was otherwise a causal connection between the actions of Sheriff Parker and the alleged constitutional violations. *See Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999) (supervisory officials cannot be held liable under section 1983 for the unconstitutional actions of their subordinates based on *respondeat superior* liability).

and Plaintiff will suffer no prejudice if the Court declines to retain jurisdiction.

Accordingly, it is hereby **ORDERED** as follows:

1. Defendants' Motion to Dismiss Amended Complaint (Doc. No. 16) is **GRANTED.**

2. The Clerk of the Court is directed to enter a judgment in favor of Defendants and against Plaintiff and is directed to close this case.

**DONE AND ORDERED** in Orlando, Florida, this 16th day of August, 2010.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
sa 8/16
Michael C. Donovan
Counsel of Record